# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DARREN NORMAN**                                                                                           **PLAINTIFF**

v.                                          No. 1:11-cv-17-DPM

**ALBERT ROORK, in his official capacity as
Chief of Police, Salem Police Department,
Salem, Arkansas; WALTER DILLINGER,
in his official capacity as Sheriff of Fulton County,
Arkansas; TOM HANSELMAN, in his individual
and official capacity as a duly appointed Deputy
Sheriff of Fulton County, Arkansas; DOUG
NIENDICK, in his individual and official capacity
as a Police Officer of Salem, Arkansas Police
Department; and JOHN DOES 1–4, in their
individual and official capacities as Police Officers of
Salem, Arkansas Police Department, and duly
appointed Deputy Sheriffs of Fulton County, Arkansas**   **DEFENDANTS**

## ORDER

Darren Norman brought this suit alleging that Salem Police Officer Doug Niendick and Fulton County Deputy Tom Hanselman unlawfully arrested him and then mistreated him in violation of his state and federal constitutional rights. Norman has sued those officers individually and brought official-capacity suits against them and against the Salem Chief of

Police and the Sheriff of Fulton County. Neither Officer Niendick nor Chief Roork has moved for summary judgment; all claims against them will therefore proceed to trial. The official-capacity claims are actually against Salem, *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

Sheriff Dillinger and Deputy Hanselman have moved for summary judgment. Norman concedes the bulk of the motion—that there is no evidence of a policy or custom that would make the County liable. *Document No. 38, at* ¶ 4. The Court agrees; and the motion is granted as to the official-capacity claims against the Fulton County defendants. Those claims are dismissed with prejudice. This resolves all claims against Sheriff Walter Dillinger.

That leaves Deputy Hanselman. He briefly argues on the facts that the claims against him should be dismissed. *Document No. 33, at 5.* And he invokes qualified immunity for any constitutional violations supported by the record. On summary judgment the Court must take the genuinely disputed facts in the light more favorable to Norman. But there are no disputed facts here; the record consists entirely of Norman's deposition and an affidavit that goes to the conceded official-capacity claims against Fulton County.

Norman says that Niendick pulled him over for driving on a suspended

license. Norman called his parents, who lived nearby, to drive his car so it wouldn't be towed. Officer Niendick handcuffed him. As Norman was talking to his mother, Officer Niendick "grabbed [Norman's] arm and it literally ripped with force back and [his] whole shoulder dropped down." *Document No. 34–1, at 8.* (Norman testified later that Niendick "grabbed the handcuffs" and "pulled straight up," causing the shoulder injury. *Id. at 47.*) Niendick put him in the patrol car. Then Hanselman arrived. Hanselman and Niendick said "We didn't search you." *Id. at 11.* The officers pulled Norman out of the patrol car and he fell onto his injured arm. Then (according to Norman) Hanselman put his booted foot on Norman's chest and kicked him across the face. Norman denies saying anything to the officers or resisting. *Id. at 22.* Norman says he suffered a ripped rotator cuff, and a ripped tendon and ligament in his right shoulder.

Force used during arrest is evaluated for objective reasonableness under the Fourth Amendment "in light of the facts and circumstances confronting [the arresting officers.]" *Rohrbough v. Hall*, 586 F.3d 582, 585 (8th Cir. 2009) (quotations omitted); *cf. Santiago v. Blair*, No. 11-3693, slip op. at 7 (8th Cir. 27 Feb. 2013) (applying stricter Eighth Amendment standard to force used on a convicted inmate). Considerations include "the severity of the crime at issue,

whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Mann v. Yarnell*, 497 F.3d 822, 825–26 (8th Cir. 2007).

On this record, Norman has made out a Fourth Amendment excessive-force violation. He was arrested for a traffic violation, did not pose a threat to officers or others, and did not resist arrest or attempt to flee. And an arrestee's right to be free from excessive force was clearly established well before July 2009, when Norman was arrested. *E.g.*, *Guite v. Wright*, 147 F.3d 747 (8th Cir. 1998). Hanselman is therefore denied qualified immunity for the claims that he personally applied excessive force after Norman was arrested. Hanselman is right, however, that Norman has no claim against him for the traffic stop and arrest itself. It is undisputed that Hanselman arrived after both occurred. *Document No. 38, at* ¶ 2. Those claims are dismissed with prejudice.

* * *

The Fulton County Defendants' motion for summary judgment, *Document No. 32*, is granted in part and denied in part. Norman's individual-capacity claim against Deputy Hanselman, his individual-capacity claim against Officer Niendick, and his official-capacity claims against Officer

Niendick and Chief Roork remain for trial. The time for amending pleadings is long past; John Does 1-4 remain unidentified; all claims against them are therefore dismissed without prejudice.

The Court cannot try the remaining claims on 15 April 2013. The scheduling order is suspended. An amended final scheduling order with reset dates for the unexpired pretrial deadlines will issue. Given the age of this case, and the state of the Court's docket for the rest of this year, the Court respectfully asks the parties to consider consenting to trial before Magistrate Judge Deere to get this litigation resolved sooner rather than later. Any consents due by 15 March 2013.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

1 March 2013